Michael T. Pines
619-771-5302
magicalmichael100@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BACON et al, <br><br> Plaintiffs <br><br> vs. <br><br> AVIS BUDGET GROUP, INC. and PAYLESS CAR RENTAL, INC. <br><br> Defendant | Case No. 2:16-cv-05939-KM-JBC <br><br> **MOTION TO INTERVENE** |

## INTRODUCTION

Class member Michael T. Pines rented a car from "Avis" in July, 2021 in Seattle Washington.

Plaintiffs have proposed a nationwide class in this class action defined as:

"All consumers who rented a vehicle from Payless/Avis and were charged for Add-Ons that were specifically declined or were not authorized, including Loss Damage Waiver, Personal Accident and Effects Coverage, Emergency Sickness Plan, Supplemental Liability Insurance or Roadside Service Protection, during the period from the date of the filing of this Complaint and six years prior."

Pines is a putative member of the class because he was charged for items that he did not authorize or agree to. In fact, he did not agree to any charges at all because there was no valid car rental agreement. Everything Defendant Avis charged for was not authorized. It appears that may also be the case for the other plaintiffs in this class action. Currently, Pines' interests are not

protected because he is entitled to different and additional damages to what the plaintiff's allege in the class complaint and there are other parties involved as defendants.

F.R.C.P. Rule 23 provides for intervention. It states in part:

(d) Conducting the Action.
(1) In General. In conducting an action under this rule, the court may issue orders that:
(B) require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of:
(iii) the members' opportunity to signify whether they consider the representation fair and adequate, **to intervene and present claims or defenses**, or to otherwise come into the action; . . . (emphasis added).

## PERTINENT FACTS

The facts are set forth in the proposed complaint in intervention filed herewith.

***Dispute With Avis***

Avis and it's travel agent partners widely advertise they rent cars for a flat fee in a certain amount per day as low as $8.99.

On or about July 12, 2021, Plaintiff rented a car from Defendant Avis at the pickup location at 100 4th Ave. North, Seattle, WA 98109. Pines expected to be charged a flat amount per day. Avis requires a debit or credit card to provide a rental.

The purported rental agreement is made up of a jacket and a printed form which customers initial and sign, similar to the document shown on page 14 of the class action complaint.

The purported agreement is not signed by anyone from Avis. There is no specific amount that will be charged anywhere in the proposed agreement. Letters and numbers are set forth that do not form words. Any amounts are stated to be only estimates. This renders the agreement indefinite and unenforceable.

There was a line at the rental counter and Pines was told where to initial and sign.

2

Pines was told he would not be charged until he returned the vehicle. However, a short time later an attempt was made to charge his debit card a large amount. At that point he read the agreement and could not determine how much he was being charged so he called Avis. Pines stated he did not want an estimate but instead to be told what he would be charged when he returned the vehicle. He did not want to risk getting into an argument with anyone at the rental counter. Avis did not explain how much he would be charged or why only estimates were provided in the documents. Pines asked to talk to the legal department but was told he could not contact it.

Pines sent emails to Avis. He quoted the documents he had been given in detail and asked Avis to explain what was meant and why only estimates were given. No explanation was given.

Eventually, Pines parked the car in a place where it was impounded by the City of Seattle and Avis retrieved it.

After Pines told Avis he was disputing any and all charges and demanded no attempt to charge his debit card be further made, Avis caused over $6,000 to be debited to his debit card and bank account.

Pines obtained a temporary restraining order that all charges be credited and that Avis be enjoined from making further charges.

A state court action was filed in King County Superior Court in Washington which Pines intends to dismiss without prejudice because he needed immediate relief and attempts to contact plaintiff's counsel in this cas failed. In that state court action Avis admitted its contract was a contract of adhesion. Any purported agreement is unconscionable as a matter of law.

Avis clearly violated the Washington Consumer Protection Act and continues to do so.

Avis did not file a motion to compel arbitration and instead participated in the state court proceedings.

### The Dispute With Wells Fargo

Pines disputed the charges made to his bank by Avis. Pines also disputed charges made by other merchants. Counsel for Wells Fargo made it clear no credit for any disputed charges would or will be made by Wells Fargo.

Wells Fargo wrongfully refused to credit Pines' bank account for those other charges and Pines discovered Wells Fargo routinely violates Regulation E of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et seq.; 12 C.F.R. § 205.1, et seq.

A class action complaint should be filed against Wells Fargo.

### Law

As set forth above, Fed.R.Civ.P. 23(d)(1)(B)(iii) affords class members the right to intervene.

Federal Rule of Civil Procedure 24(a) provides that upon timely application anyone shall be permitted to intervene in an action who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2).

Upon filing of a timely motion, Federal Rule of Procedure 24(a)(2) requires this Court to "permit anyone to intervene" who demonstrates that he has "an interest relating to . . . the subject of the action" that would be impaired "as a practical matter" because of the action, unless the interest is adequately represented by existing parties to the litigation. *Karsner v. Lothian*, 532

F.3d 876, 881 n.4 (D.C. Cir. 2008). It is well settled that Rule 24(a) should be construed liberally in favor of permitting intervention. See *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972).

Permissive intervention should be granted where the plaintiff "has a claim or defense that shares with the main action a common question of law or fact." F.R.C.P, Rule 24(b)(1)(B).

If Pines is not allowed to intervene he may be prevented from raising his claims elsewhere, especially if this case settles and a broad release is given to defendants.

When a putative class member raises similar claims—or claims based on similar facts—in a subsequent case, questions regarding res judicata and the scope of the class release arise inevitably. The resolution of these issues pits the important doctrines of judicial economy and finality against the equally important doctrines of due process and reasonable expectations.

To address these competing interests, the majority of circuits have adopted the "identical factual predicate" doctrine ("IFPD"). *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir.1982).

The IFPD permits a broad release of claims—including claims that were not pursued in the underlying class litigation—if the party raising the defense can show an identical factual predicate between the underlying class claims and subsequent claims. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 107–09 (2d Cir. 2000).

The precise meaning of "identical factual predicate" remains subject to interpretation and is evolving within the federal circuit courts. Specifically, the circuit courts have adopted inconsistent positions on whether the doctrine requires a stricter identity of facts than that required under res judicata. Some courts have even conflated the two standards underlying res judicata and release. Although no circuit seems to dispute that the IFPD applies to the affirmative

defense of release, the circuit courts' varying interpretations of the IFPD have left open the question of whether the doctrine also applies to the defense of res judicata. To further compound the uncertainty, there has been no direct guidance from the U.S. Supreme Court.

In any event, Pines has common questions of law or fact to this case.

## **CONCLUSION**

Pines rights and remedies will be affected by this case. Even if that were not true his claims involve common questions of law and fact. He should be permitted to intervene.

Respectfully Submitted,

Dated:  September 27, 2021                    /s/ Michael T. Pines

*Michael Pines*
DocuSigned by:
3F070E6615E9478...