UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIGAIL BACON, ARCADIA LEE, JEANNINE DEVRIES, LISA GEARY, RICHARD ALEXANDER, YVONNE WHEELER, and GEORGE DAVIDSON, on behalf of themselves and the putative class, | Civil Action<br><br>Case No.: 2:16-cv-05939(KM)(JBC) |
| Plaintiffs, | |
| vs. | |
| AVIS BUDGET GROUP, INC. and PAYLESS CAR RENTAL, INC. | |
| Defendants. | |

MEMORANDUM OF LAW IN OPPOSITION TO
PINES' MOTION TO INTERVENE

**DiSABATO & CONSIDINE LLC**
David J. DiSabato, Esq.
Lisa R. Considine, Esq.
196 Santiago Avenue
Rutherford, New Jersey 07070
Tel.: 201-762-5088
Fax: 973-453-0338
ddisabato@disabatolaw.com
lconsidine@disabatolaw.com

**NAGEL RICE LLP**
Bruce H. Nagel, Esq.
Robert H. Solomon, Esq.
Greg M. Kohn, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068
Tel.: 973-618-0400
Fax: 973-618-9194
bnagel@nagelrice.com
rsolomon@nagelrice.com
gkohn@nagelrice.com

*Attorneys for Plaintiffs, on behalf of themselves and the
putative class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..........................................ii

PRELIMINARY STATEMENT..........................................1

FACTUAL BACKGROUND.............................................3

PROCEDUAL HISTORY.............................................5

LEGAL ARRGUMENT ..............................................8

   I. MR. PINES IS NOT ENTITLED TO INTERVENE AS A MATTER OF
      RIGHT OR PERMISSIVELY.....................................8

        A. Mr. Pines Does Not Have An Interest "Relating To
          The Property Or The Transaction That Is The Subject
          Of The Action".......................................9

        B. The Existing Parties Adequately Represent Any
          Interest Mr. Pines Could Have.......................11

        C. Mr. Pines Has Not Demonstrated Any Threat To
          His "Interest" That Will Be Impaired Or Affected
          By Disposition Of The Underlying Action.............13

        D. Mr. Pines Has Not Demonstrated Any Commonality Of
          Law Or Fact That Gives Rise To Permissive
          Intervention........................................18

        E. Granting Mr. Pines' Request Will Unduly Delay
          Or Prejudice The Adjudication Of Plaintiffs' Rights.21

  II. MR. PINES' NOTICE OF RELATED CASES AND REQUEST TO
      COORDINATE..............................................23

        A. Consolidation With The California State
          Court Case Cannot Be Granted Because The California
          State Court Case Is Not At All Related
          To The Instant Matter...............................23

        B. This Court Is Likely Without Jurisdiction To
          Consolidate The California State Court Action With
          The Instant Matter..................................27

CONCLUSION...................................................28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

ACR Energy, LLC v. Polo North Country Club, Inc.,
 309 F.R.D. 193 (D.N.J. 2015)...................................27

AstraZeneca AB v. Dr. Reddy's Lab'ys, Ltd.,
 2010 WL 4387519 (D.N.J. Oct. 29, 2010)......................23

Brody v. Spang,
 957 F.2d 1108 (3d Cir. 1992)................................22

DeMarco v. Avalonbay Cmtys., Inc.,
 2016 WL 5934704 (D.N.J. 2016)...............................20

Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.,
 54 F.3d 156 (3d Cir. 1995)...................................9

Harris v. Pernsley,
 820 F.2d 592 (3d Cir. 1987)..........................9, 10, 15

Hoots v. Pennsylvania,
 672 F.2d 1133 (3d Cir. 1982)................................21

In re Cmty. Bank of N. Virginia,
 418 F.3d 277 (3d Cir. 2005)............................11, 20

In re Consol. Parlodel Litig.,
 182 F.R.D. 441 (D.N.J. 1998)................................24

In re Mock,
 398 F.App'x 716 (3d Cir. 2010)..............................24

In re Nat'l Football League Players Concussion Injury Litig.,
 821 F.3d 410 (3d Cir. 2016).................................20

In re TMI Litigation,
 193 F.3d 613 (3d Cir. 1999).................................24

Johnson v. Manhattan Ry. Co.,
 289 U.S. 479 (1933).........................................24

Kleissler v. U.S. Forest Service,
 157 F.3d 964 (3d Cir. 1998)..................................9

Liberty Mutual Ins. Co. v. Treesdale, Inc.,
 419 F.3d 216 (3d Cir. 2005)..................................9

Mountain Top Condominium Ass'n. v. Dave Stabbert Master
 Builder, Inc.,
 72 F.3d 361 (3d Cir. 1995)..................................10

New Orleans Public Service, Inc. v. United Gas Pipe Line Co.,
 732 F.2d 452 (5th Cir. 1984)................................10
Sullivan v. Borough of Atlantic Highlands,
 2021 WL 915210 (D.N.J. Mar. 10, 2021)......................11
United States v. Alcan Aluminum, Inc.,
 25 F.3d 1174 (3d Cir. 1995)............................10, 13
Virginia v. Westinghouse Elec. Corp.,
 542 F.2d 214 (4th Cir. 1976)...............................20

**Statutes**

15 U.S.C. 1693................................................16
28 U.S.C. §1404(a)...........................................28

**Rules**

California Rules of Court Rule 3.300..........................8
Fed. R. Civ .P. Rule 42......................................8
Fed. R. Civ .P. Rule 42(a)..........................24, 26, 27
Fed. R. Civ. P. 24(a).....................................8, 9
Fed. R. Civ. P. 24(b)..................................18, 19
Fed. R. Civ. P. 24(b)(3)....................................21

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in opposition to the motion to intervene filed by *pro se* litigant Michael Pines (ECF No. 149). Mr. Pines' motion should be denied because it lacks merit, he has no interest in this litigation, and this litigation has nothing to do with the claims raised by Mr. Pines in his proposed complaint.

First, Mr. Pines has no interest relating to the transactions at issue in this litigation. In order to intervene, Mr. Pines must show that he has a significantly protectable interest in the transactions at issue in this case. He cannot satisfy this basic prerequisite of intervention. Mr. Pines' claims are against different defendants and stem from allegations that are unique to Mr. Pines. Even if a class had already been certified in this case – which it has not – Mr. Pines would not be a class member. Thus, he has no tangible legal interest at risk in this matter.

Second, even if Mr. Pines had a legally cognizable interest in this case, there is no "tangible threat" because the existing parties already adequately represent it. In other words, if Mr. Pines's allegations are somehow construed such that he is a class member, which he is not because he rented from Avis, his interests will be protected through the class certification process. Any settlement of this matter would deliver an arm's length, fair, reasonable, and adequate settlement to Mr. Pines. If at that time

1

of settlement Mr. Pines – with a now non-contingent interest – felt that his interest was not sufficiently represented, he could simply opt-out of the settlement and pursue his claims individually.

Third, Mr. Pines's claims are not at risk or threatened by this action. His personal claims are against a host of defendants, of which all except for Avis, are *not* defendants in this litigation. His disparate claims, damages and defendants are independently prosecutable by Mr. Pines, regardless of the outcome of this case. As such, this action does not represent a threat to Mr. Pines's interests.

Finally, there is no commonality of law or fact that would open the door to permissive intervention. As noted, Mr. Pines's claims arise from circumstances that that are uniquely personal to him. There is no intersection of Mr. Pines's facts and the facts alleged by the class representatives: they involve different circumstances, different defendants, and different allegations. These differences are fatal to Mr. Pines' motion and, consequently, eliminate the possibility of permissive intervention.

For these reasons, and the reasons set forth below, Plaintiffs respectfully submit that the Court should deny Mr. Pines' motion.

## **FACTUAL BACKGROUND**

This action concerns Defendants' "common course of unlawful and fraudulent conduct" which involves "uniformly, routinely and systematically imposing unauthorized and specifically declined charges on the credit and debit cards of Payless rental customers across the Country." See Compl. at ¶1.

When a consumer comes to a reservation counter to rent their car (or complete a car rental already booked online), they are asked by one of Defendants' employees if they would like to purchase a number of optional add-ons (collectively, the "Add-Ons"). Id. at ¶¶3, 5-6, 9, 38, 55, 41, 57, 72, 85, 99, 113, 130, 142. The Add-Ons include: (1) a "Loss Damage Waiver"; (2) "Personal Accident and Effects" coverage; (3) an "Emergency Sickness Plan"; (4) "Supplemental Liability Insurance"; (5) a "Roadside Service Protection" plan; and (6) GPS service. Id. Customers are also offered a "Gas Service Option" that provides the customer with the option of having Defendants fill the car with gas in lieu of the customer returning the car with a full tank of gas. Id. at ¶¶9, 41, 57. "When a consumer declines the Add-Ons, the employee verbally confirms that they will not include any additional corresponding fees" on the customer's bill. Id. at ¶¶6, 61, 75, 88, 102, 104, 116, 133, 146-147.

Notwithstanding the declination of the add-ons, the Defendants charged Plaintiffs anyway.

On September 29, 2021, Mr. Pines filed a motion to intervene and proposed complaint alleging individual claims against Avis, as well as 5 other non-parties to this action. Mr. Pines is a resident of the State of Washington. See Pines proposed Complaint ("Pines Complaint") at ¶2. While Mr. Pines is *pro se* in this matter, he alleges that he is a wrongfully disbarred California attorney who also has experienced imprisonment and confinement in mental hospitals "based on false charges". Id. at ¶3. Mr. Pines' claims largely arise out of disputes with Wells Fargo over its resolution of disputed charges in favor of Avis, Enterprise Rent-a-Car, and two hostels at which Mr. Pines was staying or residing. See Id. at Fourth, Sixth, and Eighth Causes of Action. His claims include violations of the Electronic Funds Transfer Act, Federal Civil RICO, and Fair Debt Collection Practices Act.

In addition, Mr. Pines alleges claims against Avis and Hotwire with respect to charges assessed for a vehicle he rented from Avis through Hotwire for pick-up at a location in the State of Washington. Mr. Pines alleges that Avis and Hotwire engaged in fraudulent advertising by representing that he could rent a vehicle for "as low as $8.99 per day" and by advising Plaintiff that he would not be charged until he returned the vehicle. See Id. at ¶¶24, 32, 47. Mr. Pines alleges he did not agree to pay any specific amount for the rental and that he may have been charged for optional services. See Id. at ¶37. Mr. Pines subsequently did not

return the vehicle. <u>See</u> Pines Complaint at ¶¶64-66. Mr. Pines claims that Avis attempted to charge his debit card for the vehicle and/or rental and that such charge was unlawful. <u>See</u> <u>Id</u>. at ¶¶53-58.

Mr. Pines seeks to intervene in this action claiming that he is a member of the class and that he has individual claims for different and additional damages than that alleged in the instant matter, as against Avis and other defendants and therefore should be permitted to intervene. <u>See</u> Pines Br. at p. 1-2. Mr. Pines seeks to protect his ability to pursue those individual claims in the event this case settles as a class action and a "broad release is given to defendants." <u>See</u> Pines Br. at p. 5.

## **PROCEDURAL HISTORY**

On June 2, 2017 (DE 33, 34), the District Court denied Defendants' initial Motions to Compel Arbitration. In its Opinion, the District Court set forth what Defendants needed to establish to compel arbitration. The District Court also permitted discovery to develop the factual record before the Court could conclude whether the parties had agreed to arbitrate. Defendants were permitted a full opportunity and more than adequate time to conduct all arbitration-related discovery they needed to establish that Plaintiffs agreed to arbitrate.

Extensive discovery took place from July 2017 through February 2018. The discovery taken by Defendants included the

depositions of Plaintiffs regarding their interactions at the rental counter with Defendants and their interactions with third-party booking websites used by Plaintiffs to reserve their rental car. In particular, Defendants were able to obtain any discovery they wished to establish that Plaintiffs agreed to arbitrate their claims under the terms and conditions of the Booking Websites. Defendants were given ample time to obtain admissible evidence regarding Plaintiffs' use of the Booking Websites and Defendants failed to do so.

After discovery concluded, Defendants filed a motion for summary judgment alleging that Plaintiffs agreed to arbitrate. In response, Plaintiffs filed a cross-motion for summary judgment claiming that Plaintiffs did not agree to arbitrate. In their motion for summary judgment, Defendants for the first time argued that Plaintiffs were bound by the terms and conditions of the Booking Websites. (DE 16, 17). Defendants argued that not only did Plaintiffs agree to arbitrate pursuant to the terms in the Rental Jacket, but Plaintiffs also agreed to arbitrate pursuant to the terms and conditions of the Booking Websites. (DE 81). Plaintiffs cross-moved for summary judgment because there was no factual dispute that Plaintiffs did not agree to arbitrate pursuant to the Rental Jacket or the Booking Websites. (DE 93).

By Order dated December 7, 2018, the District Court granted Plaintiffs' cross-motion with respect to the rental counter

transactions, finding that the arbitration provisions found in the Rental Jackets were not incorporated by reference into the Agreements given to Plaintiffs. (DE 111, 112). The District Court also denied Plaintiffs' cross-motion with respect to the argument that Defendants could not rely on the terms and conditions of the Booking Websites to force Plaintiffs to arbitrate. (DE 111, 112). Even though the District Court found that Defendants had not provided sufficient admissible evidence to establish that Plaintiffs agreed to arbitrate, the District Court granted Defendants additional time to provide competent evidence under Rule 56(e).

On December 19, 2018, Defendants filed a notice of appeal from the District Court's December 7, 2018 Order (DE113).

The Third Circuit heard oral argument on April 23, 2020.  On May 18, 2020, the Third Circuit affirmed the District Court's Order.

Thereafter, the parties began merits discovery. Plaintiffs and Defendants to this action have exchanged written discovery which includes document demands, interrogatories, and admissions. The production of documents, which includes tens of thousands of pages, is nearly complete. The parties are now in the process of evaluating and scheduling depositions of the parties.

On September 29, 2021, Mr. Pines filed a motion to intervene and proposed Complaint (DE 149).

On October 6, 2021, Mr. Pines filed a Notice of Related Cases and Request to Coordinate Pursuant to F.R.C.P. Rule 42 and California Rules of Court Rule 3.300. Mr. Pines seeks to consolidate this case with a matter captioned Kramer et al. v. Avis Budget Group, Inc., Case No. 37-2018-00067024-CU-BT-CT, Superior Court of California, San Diego. That case is styled as a putative class action relating to Defendant Avis's alleged failure to promulgate or maintain adequate policies and procedures to safeguard the private data of consumers who rented vehicles and paired their smartphones or mobile devices with the vehicles' GPS technology or automotive infotainment systems. With exception for the fact that the Defendant in that matter is also Avis, there is otherwise nothing relating to the instant matter.

## LEGAL ARGUMENT

### I.   MR. PINES IS NOT ENTITLED TO INTERVENE AS A MATTER OF RIGHT OR PERMISSIVELY

Mr. Pines seeks to intervene as of right under Fed. R. Civ. P. 24(a). That Rule provides:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The four factors controlling intervention under Rule 24(a) are whether: (1) the motion is timely, (2) a sufficient interest in the underlying action has been established, (3) the interest will be impaired or affected by the disposition of the action, and (4) the interest is not adequately represented by an existing party to the litigation. <u>See</u> <u>Liberty Mutual Ins. Co. v. Treesdale, Inc.</u>, 419 F.3d 216, 220 (3d Cir. 2005); <u>Kleissler v. U.S. Forest Service</u>, 157 F.3d 964, 969 (3d Cir. 1998); <u>Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.,</u> 54 F.3d 156, 161-62 (3d Cir. 1995). The burden of proving each element is on the intervenor and failure to prove any element is sufficient to deny the intervenor's motion. Here, Mr. Pines has failed to demonstrate the elements required for intervention and, accordingly, his motion must be denied.

### A. Mr. Pines Does Not Have An Interest "Relating To The Property Or The Transaction That Is The Subject Of The Action"

Rule 24(a)(2) requires the potential intervenor to demonstrate "an interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). While the precise nature of the interest required to intervene as of right is not precisely defined, an intervenor's interest must be one that is "significantly protectable." <u>Harris v. Pernsley</u>, 820 F.2d 592, 596 (3d Cir. 1987). In expounding upon what makes a "significantly protectable" legal interest under Rule 24(a)(2),

the Third circuit has held that "'the interest must be a legal interest as distinguished from interests of a general and indefinite character.'" The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." Harris, 820 F.2d at 601. The interest is recognized as one belonging to or being owned by the proposed intervenor. See United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1185 (3d Cir. 1995) (quoting New Orleans Public Service, Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 464 (5th Cir. 1984)).

Mr. Pines argues that "if Pines is not allowed to intervene he may be prevented from raising his claims elsewhere, especially if this case settles and a broad release is given to defendants." Frankly, this is not a basis for intervention. "[T]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." See Mountain Top Condominium Ass'n. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995) (must demonstrate an interest relating to the specific property or transaction which is the subject of the action to give rise to a legally cognizable interest).

Furthermore, the "interest" Mr. Pines seeks to protect is avoiding having his individual claims released in a class-wide settlement. First, this case has nothing to do with the claims Mr.

Pines seek to raise in the Pines Complaint. His claims are against different defendants than those in the pending case. And based upon the facts set forth by Mr. Pines, he would not be a class member here because he did not rent from Payless. Second, *this case is not yet certified as a class. It is not yet settled. There is no release.* Therefore, his "interest" is not tangible, but is entirely speculative. See <u>Sullivan v. Borough of Atlantic Highlands</u>, 2021 WL 915210 (D.N.J. Mar. 10, 2021)(proposed intervenor cannot have an interest in the underlying litigation where the property at issue does not yet exist and the interest is contingent on the plaintiff's success). Mr. Pines "interest" in this litigation is in a potential outcome that does not yet exist – it is entirely contingent on plaintiff's success. Intervention cannot be granted where the purported interest is remote and speculative, as Mr. Pines' is here. A proposed intervenor cannot have an interest in something that does not yet exist. See <u>Id</u>. at *2.

For the foregoing reason, Mr. Pines' motion for intervention must be denied.

**B.   The Existing Parties Adequately Represent Any Interest Mr. Pines Could Have**

Any interest Mr. Pines might have in the litigation as a putative class member has not yet ripened. See <u>In re Cmty. Bank of N. Virginia</u>, 418 F.3d 277, 314 (3d Cir. 2005)([i]n the class action

context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation). However, even if it had, the interests of class members in the class litigation is adequately protected by Rule 23.

The class action settlement approval process itself protects the interests of class members in that the Court considers the reasonableness of a proposed settlement. Rule 23(e)(2) provides that a class settlement may be approved only after a hearing and a finding that the settlement is "fair, reasonable and adequate." Class members typically receive notice of a proposed settlement in accordance with a court-approved notice plan. If those class members do not wish to have their claims settled, they have the opportunity to opt out of the settlement to protect their own interests or even object if they feel the proposed settlement does not fairly, reasonably, and adequately settle their class claims.

Therefore, even in the unlikely event that Mr. Pines is a member of the proposed class (as he states he would be), his interests will be protected in that he will be entitled to share in any recovery obtained on behalf of the class. Furthermore, if, Mr. Pines is a member of the proposed class in the instant matter, Mr. Pines (as would any class member) will also have the option to opt-out pursuant to Rule 23 and pursue his individual claims. Any interest Mr. Pines might have in this matter, once a class is

certified and if it included Mr. Pines, would be adequately protected by the putative class representatives and counsel.

### C.   Mr. Pines Has Not Demonstrated Any Threat To His "Interest" That Will Be Impaired Or Affected By Disposition Of The Underlying Action

In order to meet the requirements of Rule 24(a)(2), Mr. Pines must also demonstrate that his interest might become affected or impaired, as a practical matter, by the disposition of the action in his absence. See Alcan Aluminum, 25 F.3d at 1185 n. 15. Again, Mr. Pines' expressed interest in preserving individual claims against Avis and several other non-parties to this matter is not a "tangible" interest in this matter, particularly where a class has not been certified. The purported threat to Mr. Pines' is that he is "entitled to different and additional damages to what the plaintiff's allege in the class complaint and there are other parties involved as defendants."

**However, the different claims, damages, and defendants that Mr. Pines seeks to pursue are precisely why intervention must be denied.** Mr. Pines seeks to name as defendants in his individual action the following parties: Hotwire OTA Marketing, the entity from whom he reserved his rental vehicle; Wells Fargo Bank NA, the entity with whom he alleges he held a personal bank account and whom alleges engages in criminal conduct; Eagle Rock Ventures, a limited liability company that owns the Hostel where Mr. Pines resides, Scott Shapiro, the principal and manager of the hostel;

13

and Enterprise Rent-A-Car. None of these parties have anything to with the Plaintiffs' claims in this case.

**Mr. Pines alleged claims against each of these defendants arise from uniquely personal circumstances that are not related to the instant matter.** Indeed, even a class-wide resolution of the underlying dispute will have no bearing whatsoever on most, and likely all, of the claims he purports to have against the aforementioned potential defendants. Moreover, this Court would not have jurisdiction over the majority, if not all, of Mr. Pines' alleged complaints as they occurred in Washington State and there is no personal jurisdiction over many of the defendants.

According to Mr. Pines, his saga began when he rented a vehicle from Avis that he never returned. See Pines Complaint at ¶¶51-59, 64-66. Because of this, he alleges that Avis was not authorized to charge him anything for that vehicle once he withdrew his authorization for doing so. See Id. at ¶¶55, 56. Mr. Pines alleges that because the rental agreement was unclear as to what the daily rental fee was and whether or not Mr. Pines would be charged prior to his return of the Vehicle, he could not be charged.

These factual allegations form the basis for Mr. Pines' causes of action against Avis and Hotwire for a violation of the Washington Consumer Protection Act and Fraud Act, as well as false advertising. See First – Third and Fifth Cause of Action (¶¶ 89-

116, 136-139). Mr. Pines has alleged that the actions of Avis and Hotwire have left him with no money and resulted in homelessness and severe emotional distress. See Id. at ¶116.

None of these claims against Hotwire or Avis are "relat[ed] to the property or transaction which is the subject of [this] action." Plaintiffs in the instant matter do not allege any claims against any third parties with respect to its advertising of Payless' car rentals. Furthermore, while Mr. Pines' alleges that Avis placed unauthorized charges on this account for a rental vehicle, his facts and claims are completely different from the claims being brought here.

Plaintiffs' claims are that they were charged for unauthorized add-ons. Mr. Pines claims Avis had no right to charge him at all for his rental. Mr. Pines' claims are not factually similar and would require different proofs then the claims being made by Plaintiffs. Seemingly similar claims are not sufficient to satisfy the requisite element for intervention. See Harris v. Pernsley, 820 F.2d 592, 601 (3d Cir. 1987)(to intervene as of right as a party to the litigation, the applicant must do more than show that his or her interests may be affected in some incidental manner. Rather, the applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene.).

Next, Mr. Pines claim that Wells Fargo violated the Consumer Financial Protection Act and Regulation E of the Electronic Funds Transfer Act, 15 U.S.C. 1693 *et seq*. See Pines Complaint at Fourth Cause of Action. These claims also have nothing to do with the claims being made by Plaintiffs and the proposed class. Specifically, Mr. Pines alleges that he disputed charges to his personal bank account from Avis (as well as Enterprise, and two hostels at which he was residing) and that Wells Fargo did not resolve those disputes in Mr. Pines' favor or they remain the subject of a provisional determination. See Pines Complaint at ¶¶118-135. Mr. Pines seeks his individual damages or, in the event a class action might one day be filed and pursued against Wells Fargo for similar claims, the damages that would be available in that action. See Id. at ¶134.

Clearly, a dispute between Mr. Pines and his bank regarding the veracity of disputed charges is not "relat[ed] to the property or transaction which is the subject of [this] action." Wells Fargo is not a party to this action, and the resolution of this matter would have absolutely no impact on Mr. Pines' dispute with his bank. Furthermore, this claim has no bearing on Plaintiffs or the proposed class and is solely a claim by Mr. Pines.

Mr. Pines' **Sixth Cause of Action** seeks to have this Court set aside an alleged Order from the Washington King County Superior Court on the basis that these orders were "obtained by extrinsic

fraud" by Wells Fargo. See Pines Complaint at ¶149. Not only is this claim irrelevant to the instant action, but this Court lacks the authority to intervene and overturn a state court order in Washington. The Sixth Cause of Action demonstrates nothing whatsoever that "relat[es] to the property or transaction which is the subject of [this] action." The resolution of the instant matter has no relation whatsoever on Mr. Pines purported claim or request for relief as against Wells Fargo, who is not a party to this action.

Mr. Pines' **Seventh Cause of Action** asserts a Federal civil RICO claim alleging that Wells Fargo, Enterprise Rent-a-Car, and "Hotel" are an enterprise engaged "in a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs" by engaging in fraudulent conduct to intentionally violate Regulation E to avoid crediting account holders in instances where charges are disputed by the account holder. See Pines Complaint at ¶¶150-166. Again, the resolution of the instant matter has no bearing whatsoever on Mr. Pines' purported Federal civil RICO claim against non-parties. In addition, this claim by Mr. Pines has no bearing on Plaintiffs or the proposed class.

In his **Eighth Cause of Action**, Mr. Pines alleges a violation of the Fair Debt Collection Practices Act against Wells Fargo. See Pines Complaint at ¶169-171. Again, clearly, a dispute between Mr. Pines and his bank regarding the veracity of disputed charges is

17

not "relat[ed] to the property or transaction which is the subject of [this] action."

The vastly different interests that Mr. Pines purports to protect in his proposed Complaint are precisely the reason that Mr. Pines cannot be permitted to intervene here. Simply put, he has failed to demonstrate a sufficient interest in the underlying action and that any such interest would be impaired or affected by the disposition of the action. Moreover, nothing prevents Mr. Pines from filing his proposed complaint himself in his home state. For these reasons, Mr. Pines has failed to demonstrate that he is entitled to intervene as a matter of right, and the motion to intervene should be denied.

### D.  **Mr. Pines Has Not Demonstrated Any Commonality Of Law Or Fact That Gives Rise To Permissive Intervention**

Mr. Pines' alternative argument for permissive intervention should likewise be denied. Under Fed. R. Civ. P. 24(b), permissive intervention may be allowed where the prospective intervenor is either (a) given a conditional right to intervene by a Federal statute, or (b) "has a claim or defense that shares with the main action a common question of fact or law." Mr. Pines has alleged no statutory right, permissive or otherwise. Therefore, the basis for his argument for permissive intervention rests in his statement that there is a common question of law or fact between the claims

raised in this action and the claims he seeks to allege in his proposed Complaint.

For the reasons set forth above, Plaintiffs have established that there is no common question of law or fact whatsoever between Mr. Pines' allegations against Hotwire, Wells Fargo, Eagle Rock Ventures, Scott Shapiro, or Enterprise Rent-a-Car and this case. These entities are not defendants in the instant matter and Mr. Pines' purported claims against them arise almost entirely from Wells Fargo's resolution of disputed charges in the entities' favor. See Pines Complaint at Fourth, Sixth – Eighth Causes of Action. Furthermore, Mr. Pines' allegations against Hotwire and Avis relating to Hotwire's fraudulent advertising are not claims raised by Plaintiffs in the underlying litigation, and therefore no common question of fact or law exists. See Id. at Fifth Cause of Action.

Based on allegations contained in the Pines Complaint, there is no basis for Mr. Pines' assertion that there are common questions of law or fact between his individual claims and those of the named-Plaintiffs in this matter. This is especially true since his claims are against Avis solely and this matter is focused on Payless' business practices. Mr. Pines' allegations that Avis and Hotwire could not charge him at all for his rental because they represented he would be charged a flat rate per day and would not be charged until the rental was returned are nonsensical and

unrelated to the claims in this case. <u>See</u> Pines Complaint at ¶¶94-96, 101-107, 114. Mr. Pines does not allege any unauthorized *add-ons* to his rental – the subject of this litigation. Rather, he alleges that Avis was not authorized to charge him *at all* for the rental.

Even giving Mr. Pines the benefit of the doubt on commonality of law or fact, permissive intervention still must be denied for the reasons set forth in Sections A-C. Even assuming Mr. Pines has a common question of law or fact with regard to a charge for unauthorized add-ons that would make him a putative class member. Under Third Circuit law, because it is assumed that the absent class member seeking intervention "has the same ultimate objection as a party to the suit…a presumption arises that his interests are adequately represented." <u>In re Cmty. Bank</u>, 418 F.3d at 315 (quoting <u>Virginia v. Westinghouse Elec. Corp.</u>, 542 F.2d 214, 216 (4th Cir. 1976)).  Mr. Pines has not overcome that presumption. <u>See DeMarco v. Avalonbay Cmtys., Inc</u>., 2016 WL 5934704, *2, 6 (D.N.J. 2016) (applying presumption that class representatives were adequate before certification and denying motion to intervene); <u>In re Nat'l Football League Players Concussion Injury Litig</u>., 821 F.3d 410, 423 n.10 (3d Cir. 2016) (motion to intervene denied because of failure to overcome presumption that class representatives were adequate before certification).

Finally, Mr. Pines is able to pursue his individual interests now by filing a lawsuit in his home state. Mr. Pines will also potentially have the option to opt-out to preserve his individual claims, or to share in any potential recovery on behalf of the class, if he is a class member (which is unlikely). Under any scenario, Mr. Pines' interests are adequately protected without intervention. See also Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d Cir. 1982) (permissive intervention denied where movant would not add anything to the litigation, finding that where the interests of the applicant match those of an existing party and the party's representation is deemed adequate, the Court is well within its discretion in deciding that the movant's contributions to the proceedings would be superfluous and that any resulting delay would be undue).

### E.   Granting Mr. Pines' Request Will Unduly Delay Or Prejudice The Adjudication Of Plaintiffs' Rights

Courts must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b)(3). Granting Mr. Pines' motion to intervene will significantly delay this case and will severely prejudice Plaintiffs and the proposed class.

Permissive intervention is completely discretionary, and where a party fails to show that a right to intervene exists, there can be no abuse of discretion in denying permissive intervention.

See Brody v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992). This action was initially filed in September 2016. Thereafter, Defendants filed a motion to compel arbitration that was denied. The parties then participated in limited discovery as to the issue of arbitration. This included extensive written discovery – document demands, interrogatories, request for admissions – as well as the production of tens of thousands of documents, and depositions of the named-plaintiffs and several representatives of Defendants. The parties then filed motions for summary judgment on the issue of arbitration. Defendants' motion was denied. Defendants then appealed this Court's ruling to the Third Circuit. The Third Circuit affirmed this Court's decision on the motion to compel arbitration in April 2020. Since then, the parties have engaged in merits discovery. The parties have again exchanged document demands, interrogatories, and requests for admissions, as well as the production of tens of thousands of documents relating to the merits of the parties' claims and defenses. The parties are presently arranging for the scheduling of depositions.

This matter has been hotly contested from its inception five years ago. To allow Mr. Pines to intervene in this action now to bring in five new entities that are not parties to this matter and against whom he asserts individual claims will delay the long-awaited adjudication of Plaintiffs' and the proposed class' claims. This delay will be significant because, amongst other

things, the new entities will have to be served, their motions to dismiss will have to be briefed and decided, and any jurisdictional issues will have to be addressed. Allowing intervention will also distract the parties to this litigation from directing their resources toward the claims and defenses that relate to the named-Plaintiffs and putative class members. See AstraZeneca AB v. Dr. Reddy's Lab'ys, Ltd., 2010 WL 4387519, at *7 (D.N.J. Oct. 29, 2010) (finding that permitting intervention would unduly delay and prejudice the adjudication because of the late stage of the proceedings).

## II. MR. PINES' NOTICE OF RELATED CASES AND REQUEST TO COORDINATE

### A. Consolidation With The California State Court Case Cannot Be Granted Because The California State Court Case Is Not At All Related To The Instant Matter

Mr. Pines has also filed a Notice of Related Cases and Request to Coordinate. (DE 151). This Court has not docketed that as a motion. However, we feel that a response is needed. Mr. Pines' asserts without standing and without any basis that this case and another case pending in State Court in California are related. It seems that Mr. Pines believes because Avis and Payless are defendants in that case and in this case, the cases are related. That is not true. Just because some of the defendants are the same does not make the cases related for purposes of consolidation.

Under Rule 42(a), "a District court has broad discretion to determine whether to consolidate cases…" "[w]hen actions involving common question of law or fact are pending before the court." See Fed.R.Civ.P. 42(a); see also In re Mock, 398 F.App'x 716, 718 (3d Cir. 2010). However, the mere existence of common questions of law or fact do not require consolidation. See In re Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J. 1998). The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." In re TMI Litigation, 193 F.3d 613, 723 (3d Cir. 1999) (internal citations omitted); See also Johnson v. Manhattan Ry. Co., 289 U.S. 479, 497 (1933) (consolidation is a matter of "convenience and economy in administration").

Here, no such interest would be met, as there is no common question or law or fact that would make the consolidation of these matters convenient or judicially economical. Indeed, according to Mr. Pines, the California case involves Avis/Payless' violation of renters' privacy rights by not keeping safe renters' information when the renter paired their phone with the vehicles' infotainment system. The questions of fact, legal questions, and discovery that has been (or may) be taken in that matter share no overlap whatsoever with the issues presented in the instant matter. Consolidation of the two actions would do nothing to streamline or

24

economize pretrial proceedings, as the pretrial proceedings in both actions present entirely distinct questions of fact and law.

Furthermore, Local Civil Rule 40.1(c) provides that "civil cases may be related if one or more of the following conditions are met:

> When a civil action: (1) relates to any property included in a case already pending this Court; (2) grows out of the same transaction as any case already pending in this Court; or (3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already pending in this Court, counsel shall at the time of filing the action inform he Clerk of such fact."

The action in State Court in California does not meet any of these requirements either, and has nothing to do with the allegations in our case. Again, according to Mr. Pines, the California case involves Avis/Payless' violation of renters' privacy rights, it does not at all relate to any "property" at issue in the instant matter (nor is there any), nor does it grow out of the same transaction as the rental transactions of the named plaintiffs in the instant matter. Moreover, it is not clear from the pleadings that the claims in the California action are even related to Mr. Pines' rental, as he rented his vehicle in Washington State. See Pines Compl. at ¶23.

Simply put, the only "relation" between the California State Court action and the instant matter is that Avis is a party.

Furthermore, it is not clear there is any relation whatsoever between the California State Court action and Mr. Pines' proposed action except that he intends to file suit – alleging different claims - also against Avis. Mr. Pines has not demonstrated that there is any common question or law or fact between the California State Court Action and the instant matter.[1]

In proposing to consolidate the case, Mr. Pines provides no analysis as to why the Court should grant the requested relief. Rather, all Mr. Pines is able to state is it "seems likely the cases overlap." They do not, but even if they did, that is not a sufficient showing pursuant to Rule 42(a).

Finally, Mr. Pines cites to California rules of court in support of his consolidation request. It is not apparent what the California rules of court have to do with the pending issues before this Court.

Therefore, Mr. Pines has offered nothing more than pure speculation that the cases arise out of the same facts and transactions requiring consolidation. Nor does Mr. Pines have standing as a non-party to both actions to seek the requested relief

---

[1] Furthermore, Mr. Pines is not a party to *either* action and as such, does not have standing to make the request for consolidation in the first instance.

**B.    This Court Is Likely Without Jurisdiction To Consolidate The California State Court Action With The Instant Matter**

Even assuming administrative or judicial efficiency would be served by consolidation here, that alone is not a basis to consolidate. First, Federal Rule of Civil Procedure 42(a) only allows consolidation "of actions before the court." The reference to "the court" in Rule 42(a) is a reference to Federal Court, meaning that a District Court is without authority to consolidate a State Court case in the same state or another state unless the other matter is in Federal Court, or can be removed to Federal Court. See ACR Energy, LLC v. Polo North Country Club, Inc., 309 F.R.D. 193 (D.N.J. 2015) (a case is not "pending before" a District Court for purposes of Rule 42(a) consolidation if the District Court lacks subject-matter jurisdiction over the matter). Therefore, a District Court is without authority to consolidate a matter if there is no subject-matter jurisdiction over the other matter. Subject-matter jurisdiction cannot be created through consolidation.

Mr. Pines has not demonstrated that the California State Court action could be removed to Federal Court. While Avis/Payless may be named as defendants, according to Mr. Pines the class is comprised of individuals who rented vehicles in the State of California. It is not clear from Mr. Pines' request that a Federal Court would have subject-matter jurisdiction over that action.

Finally, while 28 U.S.C. §1404(a) provides that a District Court may transfer any civil action to any other district or division where it might have been brought, the instant matter could not be transferred to California because a California state court would not have personal jurisdiction over any plaintiffs or defendants in the instant matter.

<u>**CONCLUSION**</u>

For the foregoing reasons, we respectfully submit that Mr. Pines' motion to intervene should be denied and he should not be permitted to intervene in this matter, and that Mr. Pines' request for consolidation of this matter with the matter captioned <u>Kramer et al. v. Avis Budget Group, Inc.</u>, Case No. 37-2018-00067024-CU-BT-CT, Superior Court of California, San Diego also be denied.

Respectfully submitted,

NAGEL RICE, LLP              DiSABATO & CONSIDINE LLC

By: *s/Greg M. Kohn*          By: *s/ David J. DiSabato*
    GREG M. KOHN                  DAVID J. DiSABATO


Dated: October 18, 2021