UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABAGAIL BACON, ARCADIA LEE, JEANNINE DEVRIES, LISA GEARY, RICHARD ALEXANDER, YVONNE WHEELER, and GEORGE DAVIDSON, and on behalf of themselves and the putative class,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AVID BUDGET GROUP, INC. and PAYLESS CAR RENTAL, INC.<br><br>*Defendants*. | Civil Action No: 2:16-cv-05939-KM-JBC<br><br>Civil Action |

**WELLS FARGO BANK, N.A.'S MEMORANDUM OF LAW IN OPPOSITION TO PROPOSED INTERVENOR MICHAEL T. PINES' MOTION TO INTERVENE**

FOX ROTHSCHILD LLP
49 Market Street
Morristown, New Jersey 07960
Tel: 973-992-4800
*Attorneys for Wells Fargo Bank, N.A.*

**Of Counsel and on the Brief**

    Jordan B. Kaplan, Esq.

127209776.2

## PRELIMINARY STATEMENT

Michael Pines' Motion to Intervene in this class action, adding Wells Fargo Bank, N.A. ("Wells Fargo") as a defendant, is an inappropriate attempt at forum shopping and should be summarily rejected.  In a separate action that is still pending in Washington State, Mr. Pines was recently denied the *exact same* relief he seeks in his instant proposed pleading.  Having failed to obtain relief against Wells Fargo in his separate state court action, Mr. Pines has now travelled across the country to try his luck in the United States District Court for the District of New Jersey, dragging Wells Fargo along.  On that basis alone, the Court should summarily reject Mr. Pines' attempt to engage in impermissible forum shopping and deny his request for relief in its entirety.

Even if the Court elects to consider Mr. Pines' motion, it should still be denied.  This Court does not have jurisdiction over Wells Fargo in connection with the instant dispute because: (i) all facts pertaining to Mr. Pines' claims against Wells Fargo occurred within the territorial bounds of the State of Washington; and (ii) the Court lacks general jurisdiction over Wells Fargo.  As the Court lacks jurisdiction over Wells Fargo with respect to the subject matter of Mr. Pines' complaint, his motion for intervention must, as a matter of law, be denied.

Finally, Mr. Pines' motion should be dismissed because the underlying facts and legal issues set forth in the Plaintiffs' Complaint are entirely distinct from the facts and legal issues in Mr. Pines' proposed Complaint in Intervention.  Plaintiffs' existing claims in this action involve allegedly improper insurance and other add-on charges by defendant Payless Car Rental, Inc.  Mr. Pines' Complaint, on the other hand, challenges the legality of the rental agreement that Mr. Pines entered with a *different* Avis entity - not Payless - claiming the provisions in his separate agreement are ambiguous, and amount to a contact of adhesion.  Mr. Pines' proposed pleadings are also distinct from the underlying complaint in this action, as Mr. Pines is attempting to add additional

127209776.2

parties—Eagle Rock Ventures, Scott Shapiro, Enterprise Rent a Car, and Wells Fargo—that have no relation whatsoever to the pending claims in this class action. As such, Mr. Pines' proposed intervention in this lawsuit is inappropriate, and his motion should be denied.

For these reasons, along with those advanced in the accompanying declaration of Al Roundtree and those reasons set forth below, Mr. Pines' motion to intervene should be denied in its entirety.

## RELEVANT FACTUAL BACKGROUND

The background is set forth in detail in the declaration of Al Roundtree, which is submitted herewith.

To summarize, in August 2021, Mr. Pines filed a complaint against Wells Fargo in King County Washington Superior Court arising from the same facts and circumstances as alleged in his proposed Complaint in Intervention in this action. (*See* Roundtree Decl. Ex. A). In the Washington State Court action, - like his proposed Complaint in Intervention here - Mr. Pines alleged that Wells Fargo erroneously failed to credit his account for: (i) a disputed Avis rental car charge; and (ii) a series of disputed American Hotel Hostel charges. In the separate state court action, Mr. Pines asked the Washington Superior Court for a temporary restraining order and preliminary injunction to compel Wells Fargo to provide credits for these charges. Unfortunately for Mr. Pines, he did not get what he wanted from the Washington Court.

The Washington Court initially granted Mr. Pines' *ex parte* TRO in part, enjoining Wells Fargo from allowing any further Avis rental car charges to his Wells Fargo bank account. That relief was moot, however, because Wells Fargo had already terminated the debit card on file with Avis and issued Mr. Pines a new card, so there was no practical way for Avis to further charge Mr. Pines' account. Furthermore, Wells Fargo had already provided Mr. Pines a $5,807 credit for the

disputed Avis charges. The Washington Court *denied* Mr. Pines' TRO as to the Hotel charges, which Mr. Pines claimed entitlement to credits totaling $645.

A week later, at a Show Cause hearing on Mr. Pines' motion for a preliminary injunction, the Washington Court again denied Mr. Pines any preliminary relief as to the $645 Hotel charges against Wells Fargo. (*See* Roundtree Decl. Ex. B). The Court's decision was based on its finding that Mr. Pines could not establish a likelihood of success on the merits of his claims against Wells Fargo, for alleged violations of Regulation E under the Electronic Funds Transfers Act, a new legal theory that was thoroughly briefed in the parties' respective preliminary injunction motion papers and adjudicated by the Washington State Court. (*Id.*).

Unsatisfied with the results of his efforts in Washington State Court, Mr. Pines has now traversed the Country and seeks to intervene in this action, joining Wells Fargo as a defendant, upon the same allegations advanced in the Washington State Court action, stating the same legal theories and causes of action that the Washington Superior Court already heard and adjudicated. Without any justification or explanation as to why or how this Court has jurisdiction to decide his claims against Wells Fargo, Mr. Pines asks this Court to vacate the Washington Superior Court's Order Denying Preliminary Relief. Mr. Pines' instant application is wholly without merit, and should be denied in its entirety.

## LEGAL ARGUMENT

There is no basis to exercise jurisdiction over Wells Fargo in the United States District Court for the District New Jersey in connection with Mr. Pines' claims, all of which arise out of events that occurred in Washington and which are already the subject of litigation before Washington Superior Court. Even if the Court were to have jurisdiction over Wells Fargo, the motion should still be denied, as Mr. Pines' attempt to re-litigate unsuccessful issues from the

3

Washington lawsuit constitutes clear forum shopping. Thus, Mr. Pines' Motion to Intervene, to the extent that it seeks to join Wells Fargo as a defendant in this action, should be denied.

### A. This Court Lacks Personal Jurisdiction Over Wells Fargo for Mr. Pines' Washington-Based Complaint

Jurisdiction is a threshold issue on a Motion to Intervene, and intervention cannot cure any jurisdictional defect that would have barred the court from hearing the original action. *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965) ("[S]ince intervention contemplates an existing suit in a court of competent jurisdiction and because intervention is ancillary to the main cause of action, intervention will not be permitted to breathe life into a 'nonexistent' law suit."); *see also McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979) ("A motion for intervention under Rule 24 is not an appropriate device to cure a situation in which plaintiffs may have stated causes of action that they have no standing to litigate."). This tenet of law was demonstrated in *Jet Traders Investment Corp. v. Tekair Ltd.*, 89 F.R.D. 560, 566 (D.Del. 1981), where the district court denied a motion to intervene, even though the intervenor's claims: (i) presented questions of law and fact in common with those involved in the principal action, and (ii) the intervenor's participation would be desirable and would not unduly prejudice the existing parties.[1] Nonetheless, the district court in *Jet Traders* denied intervention for lack of jurisdiction because "an intervenor must establish the existence of a jurisdictional basis for its claims independent of the jurisdiction that the Court has over the claims in the principal action." *Id.*

The rule requiring that the *intervenor* establish an independent basis for jurisdiction applies to personal *and* subject matter jurisdiction. Indeed, in *Nat'l Am. Corp. v. Fed. Republic of Nigeria*,

---

[1] In this case, Mr. Pines' claims against Wells Fargo have absolutely no relation to the subject matter of this class action.

425 F. Supp. 1365, 1372 (S.D.N.Y. 1977), Southern District of New York affirmed this procedural hurdle, finding that "the proposed intervenors' failure to demonstrate a basis of personal jurisdiction is a sufficient ground for denying permissive intervention." *See also Maxum Indem. Co. Sec. Ins. Co. of Hartford v. Eclipse Mfg. Co.*, No. 06-CV-4946, 2008 WL 4831734, at *2 (N.D. Ill. Nov. 5, 2008) ("courts require the intervenor to demonstrate an independent ground of jurisdiction, *i.e.*, that the claims could have been asserted in the federal court in the absence of the main action.").

While Wells Fargo operates nationwide, it is a South Dakota banking association that is not "at home" in the State of New Jersey. Thus, Mr. Pines cannot rely upon the principles of general jurisdiction to bring Wells Fargo into this Court. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that a Florida corporation with its principle place of business in Florida is *not* subject to general jurisdiction in New Jersey merely because it maintains "continuous and systematic" contacts with the state, as mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions.") (citations omitted); *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) ("[I]t is incredibly difficult to establish general jurisdiction over a corporation in a forum other than the place of incorporation or principal place of business."). Instead, to establish jurisdiction, Mr. Pines must plead a nexus between his claims against Wells Fargo and the forum. *See General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) ("A nexus between the defendant, the forum and the litigation is the essential foundation of *in personam* jurisdiction.") (citation omitted); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984).

5

Undeniably, Mr. Pines fails to meet the required procedural hurdle of establishing that jurisdiction over Wells Fargo exists in this action.  Mr. Pines does not establish *any* facts demonstrating that the Court has personal jurisdiction over Wells Fargo, as it relates to Mr. Pines' claims against Wells Fargo, all of which arose and pertain to actions and events in Seattle, Washington.  Mr. Pines does not allege Wells Fargo purposefully directed its relevant activities at the New Jersey forum nor that his claims arise from such activities in New Jersey.  In fact, Mr. Pines has failed to allege *any* connection between Wells Fargo and this forum regarding his alleged Regulation E claims or Washington Consumer Protection Act claims against Wells Fargo, which is fatal to his attempt to hail Wells Fargo into court in this district.  *See Huzinec v. Six Flags Great Adventure, LLC*, 2018 WL 1919956, at *7 (D.N.J. Apr. 24, 2018) ("because the claims at issue in this case do not arise out of or relate to Celebration's New Jersey contacts, the Court finds that it lacks personal jurisdiction to adjudicate SFGA's claims against Celebration."); *Page v. Alliant Credit Union*, 2019 WL 3084481, at *7 (D.N.J. June 17, 2019) ("Regulation E does not confer nationwide personal jurisdiction").  Here, as in *Reedsburg Bank v. Apollo*, 508 F.2d 995, 1000 (7th Cir. 1975), "there is no compelling reason to permit the litigation of a claim or defense that could not have been asserted had the intervenor been an original plaintiff or defendant."

Mr. Pines could not have sued Wells Fargo for his Washington-based claims in New Jersey in an original action because of lack of personal jurisdiction and cannot circumvent the constitutional requirement of personal jurisdiction by attempting to assert his claims against Wells Fargo in this forum by intervention.  Accordingly, Mr. Pines' motion to intervene should be denied for lack of jurisdiction.

**B.     The Court Should Abstain from Adjudicating Mr. Pines' Claims against Wells Fargo Due to His Impermissible Forum Shopping**

There can be no question that, with respect to his claims against Wells Fargo, Mr. Pines is forum shopping. After suffering an early loss in his still-pending Washington state lawsuit, Mr. Pines seeks a second bite at the apple by bringing claims against Wells Fargo in this district. Mr. Pines' blatant forum showing is a clear improper use of the federal courts. Thus, to deter Mr. Pines' clear forum shopping – and in light of the fact that he has wholly failed to establish jurisdiction over Wells Fargo in New Jersey – this Court should abstain from hearing Mr. Pines' claims and deny his instant motion. *See Local 54 Patrolman's Benev. Ass'n v. Fontoura*, No. CIV.A. 06-6278 (SDW), 2007 WL 4165158, at *4 (D.N.J. Nov. 19, 2007) (dismissing claims because "[t]o permit such judicial manipulation would be tantamount to forum shopping and in direct contravention of state and administrative efficiency."); *see also Gleason v. Firstrust Bank*, CV 20-4135, 2021 WL 1854566, at *1 (E.D. Pa. May 10, 2021) (abstention warranted where "[h]aving met with no success in California, Gleason seeks to … start over in a different court.").

Rather than burden one of the busiest judicial districts in the Country with his unrelated claims against Wells Fargo, Mr. Pines can pursue (and in fact is currently pursuing) his claims against Wells Fargo in another court. *See McDonald v. Wells Fargo Bank, N.A.*, 374 F. Supp. 3d 462, 515 (W.D. Pa. 2019) (denying motion to intervene because "as [the intervenors] have the same ability to bring these claims in another court, we see no reason to exercise our discretion to burden the further progress of this case."). As there is simply no basis, in fact or in law, to adjudicate Mr. Pines' claims here, the Court should deny Mr. Pines' motion for intervention and direct him to pursue his claims in the already-pending Washington State Court action.

## **CONCLUSION**

For the foregoing reasons, Wells Fargo respectfully requests the Court deny Mr. Pines' Motion for Intervention.

Dated: October 18, 2021

                                                   **FOX ROTHSCHILD LLP**
                                                   *Attorneys for Wells Fargo Bank, N.A.*

                                                   By:_____
                                                        Jordan B. Kaplan, Esq

127209776.2