UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABAGAIL BACON, ARCADIA LEE, JEANNINE DEVRIES, LISA GEARY, RICHARD ALEXANDER, YVONNE WHEELER, and GEORGE DAVIDSON, and on behalf of themselves and the putative class,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AVID BUDGET GROUP, INC. and PAYLESS CAR RENTAL, INC.<br><br>*Defendants*. | Civil Action No: 2:16-cv-05939-KM-JBC<br><br>Civil Action<br><br>**DECLARATION OF AL ROUNDTREE IN SUPPORT OF WELLS FARGO BANK, N.A.'S OPPOSITION TO PROPOSED INTERVENOR MICHAEL T. PINES' MOTION TO INTERVENE** |

Al Roundtree, of full age, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.  I am one of the attorneys representing Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in the Washington Superior Court, King County action, captioned *Michael T. Pines v. Avis Rent A Car System, LLC, Hotwire OTA Marketing, and Wells Fargo Bank*, No. 21-2-11824-7 SEA (the "Washington Action"). I make this declaration based on personal knowledge and my review of the facts and pleadings in the Washington Action.

2.  Mr. Pines is a disbarred California attorney currently living in and around Seattle, Washington. At all times relevant to the Washington Action, Mr. Pines had and used a Wells Fargo bank account and Wells Fargo debit cards.

3.  In or about July 2021, Mr. Pines rented a car from Avis on a 1-day reservation. Mr. Pines kept the car for 6 weeks and Avis eventually repossessed the vehicle. Avis charged Pines' Wells Fargo debit card over $6,600 for the extended rental and repossession costs. Pines disputed the charge to Wells Fargo and Wells Fargo credited Mr. Pines' account in the amount of $5,807.

127213450.3

4. In July and August 2021, Mr. Pines lodged 15 nights at a Seattle hotel called American Hotel Hostel, checking out and back in each day and paying $43 per night on fifteen separate occasions with his debit card. Mr. Pines disputed these fifteen charges for lodging at American Hotel Hostel because he says he did not have hot water. After investigation, Wells Fargo denied this claim because Pines had clearly authorized the charges by entering his PIN and receiving and accepting services.

5. In September 2021, Mr. Pines, proceeding *pro se,* commenced the Washington Action alleging that the provisions of Avis' standard rental agreement are ambiguous and amount to a contact of adhesion. Mr. Pines stated various common law and statutory causes of action against Avis, claiming economic damages and damages for emotional distress. As against Wells Fargo, Mr. Pines sought injunctive and declaratory relief to compel Wells Fargo to provide credits for the Avis and Hotel charges. A true and correct copy of the Amended Complaint in the Washington Action is annexed hereto as **Exhibit A**.

6. On September 8, 2021, Mr. Pines sought a temporary restraining order against Avis and Wells Fargo through an *ex parte* hearing. The Washington Court initially granted Mr. Pines' *ex parte* application, in part, enjoining Wells Fargo from allowing any further Avis rental car charges to his Wells Fargo bank account. That relief was moot, however, because Wells Fargo had already terminated the debit card on file with Avis and issued Mr. Pines a new card, so there was no practical way for Avis to further charge Mr. Pines' account. Furthermore, Wells Fargo had already provided Mr. Pines a $5,807 credit for the disputed Avis charges. The Washington Court *denied* Mr. Pines' request for injunctive relief as to the Hotel charges.

7. After the hearing on Mr. Pines' application for temporary injunctive relief, but before the Washington Court held a hearing on Mr. Pines' application for a preliminary injunction,

Mr. Pines raised a new legal theory against Wells Fargo in his motion briefing and declarations. Mr. Pines alleged that Wells Fargo violated Regulation E under the Electronic Funds Transfers Act by not providing the Hotel credits. A true and correct copy of Mr. Pines' Motion for Preliminary Injunction and Memo of Authorities, filed in the Washington Action, is annexed hereto as **Exhibit B**. Wells Fargo, in its responsive briefing and declarations, refuted this new claim. A true and correct copy of Wells Fargo's Response to Order to Show Cause and the supporting Declaration of Wendy Hernandez, both filed in the Washington Action, are annexed hereto as **Exhibits C and D**. The issue was fully briefed and argued before the Washington Court. A true and correct copy of Mr. Pines' Reply to Opposition to Motion for Preliminary Injunction, filed in the Washington Action, is annexed hereto as **Exhibit E**.

8. On September 24, 2021, at the Show Cause hearing on Mr. Pines' motion for a preliminary injunction, the Washington Court *again* denied Mr. Pines any injunctive relief as to the $645 Hotel charges against Wells Fargo. A true and correct copy of the Washington Court's Order Denying Injunctive Relief is annexed hereto as **Exhibit F**.

9. The Court's decision was based on its oral finding that Mr. Pines could not establish a likelihood of success on the merits of his claims against Wells Fargo, for alleged violations of Regulation E, the new legal theory that was thoroughly briefed in the parties' respective preliminary injunction motion papers (Exhibits B through E).

10. In his motion papers (Exhibits B and E) and at the hearing before the Washington Superior Court on September 24, 2021, Mr. Pines accused Wells Fargo, and me personally, of lying to the Washington Court about the bank's loss exposure when it provides credits for disputed charges pursuant to Regulation E. At the preliminary injunction hearing, I explained to the Court why Wells Fargo's and my statements were, in fact, accurate. After hearing, considering, and

apparently rejecting Mr. Pines' baseless accusations against Wells Fargo, the Washington Court ruled in Wells Fargo's favor and denied Mr. Pines' request for injunctive relief.

11. Since the hearing on September 24, 2021, Mr. Pines has not taken any steps to further litigate the Washington Action. Instead, Mr. Pines filed his Complaint in Intervention and Motion to Intervene in this action.

I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. DATED this 18th day of October, 2021.

_____
Al Roundtree, WSBA #54851