UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ABIGAIL BACON, ARCADIA LEE, JEANNINE DEVRIES, LISA GEARY, RICHARD ALEXANDER, YVONNE WHEELER, AND GEORGE DAVIDSON, on behalf of themselves and the putative class,** <br><br> Plaintiffs, <br><br> v. <br><br> **AVIS BUDGET GROUP, INC. AND PAYLESS CAR RENTAL, INC,** <br><br> Defendants. | Civ. No. 16–05939 (KM) (JBC) <br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (DE 149) of Michael T. Pines to intervene as a plaintiff in this action pursuant to Federal Rule of Civil Procedure 24 as well as Pines's request to coordinate this case with two other cases in this district and a case in California state court (DE 151, 168).

For the reasons set forth below, I will **DENY** Pines's motion.[1]

**I. BACKGROUND**

I write primarily for the parties and proposed intervenor, and therefore assume a familiarity with the facts of the case. A more detailed factual background can be found in a previous opinion filed in this case. (DE 111.) In

---

[1] Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned though the Electronic Court Filing system, unless otherwise indicated:

"DE __"   =   docket entry in this case.

"Compl."  =   Complaint (DE 1)

"MTI"     =   Pines's motion to intervene (DE 149)

short, this putative class action alleges that Avis's subsidiary Payless charged plaintiffs' credit cards for ancillary car rental services that they had not agreed to. This case was first filed in 2016 and has been extensively litigated, including an appeal of a summary judgment decision (DE 111), where it was affirmed (DE 124). The proposed class period for this case is six years prior to the date of the complaint, September 26, 2016. (Compl. ¶ 158.)

On September 28, 2021, Michael T. Pines moved for permissive intervention under Rule 24(b).[2] Pines alleges that he rented a car from Avis on July 12, 2021, and that his debit card was charged immediately for the car, despite Avis informing him that the card would be charged only upon returning the car. (MTI at 2-3.) The car was then impounded and retrieved by Avis, which charged Pines's debit card more than $6,000. (*Id.* at 3.) Wells Fargo, the bank which provided his debit card, refused to credit Pines for the disputed payments to Avis. (*Id.* at 4.) Pines has filed a case against Avis related to this conflict in King County Superior Court in the State of Washington.[3] (*Id.* at 3.) Plaintiffs and defendants in this case, as well as Wells Fargo, have filed briefs in opposition to Pines's motion to intervene. (DE 154, 155, 156.) Pines has filed replies to all three opposition briefs. (DE 157, 158, 159.) This motion is fully briefed and ripe for decision.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 24 governs intervention by nonparties. A party may intervene as of right if it "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the

---

[2] Because Pines identifies to neither a statute that gives him a right to intervene nor a property interest in his motion, as required by Federal Rule of Civil Procedure 24(a), I construe it as a permissive joinder request under Rule 24(b). (MTI at 4.) I add, however, that Pines, an attorney albeit a disbarred one, is not entitled to the indulgence traditionally given *pro se* pleadings.

[3] It is unclear if Wells Fargo is also a defendant in that case.

movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A private party may be given permission by the court to intervene if it "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b).

## III. DISCUSSION

### A. Rule 24(b) Intervention

The permissive intervention provision, Fed. R. Civ. P. 24(b), which grants the court discretion to allow intervention "[o]n timely motion" where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Ultimately, the decision of whether to grant or deny permissive intervention lies within the Court's discretion. *Brody By & Through Sugzdinis v. Spang v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). Courts also "consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already represented in the litigation." *Worthington v. Bayer Healthcare LLC,* No. CIV.A. 11-2793 ES, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011) (citing *Hoots v. Pennsylvania,* 672 F.2d 1133, 1136 (3d Cir. 1982). Finally, Courts also consider whether the proposed intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

Exercising my discretion, I find that permissive intervention is not prudent in this case. Pines's conflict with Avis has little to do with this case except in the broadest sense that both cases involve (different types of) allegedly improper charges. In fact, given that Pines rented his car in 2021, any claims he has against Avis would fall years outside of the class period and are unlikely to be affected by any decision or settlement in this case.[4] What is

---

[4] Pines's argument that he should be able to intervene under Fed. R. Civ. P. 23(d) (MTI at 2) fails for the same, reason: he has not claimed or established that he is a member of the putative class in this suit.

more, Pines should be fully able to vindicate his claims in the action he has already filed in King County Superior Court in Washington State, where he apparently resides. I thus find that Pines's action does not share a main question of law or fact with this case.

Plaintiffs' brief points out that that Pines's motion to intervene comes after five years of intensive litigation in this case. (DE 155 at 22.) The timeliness of an intervention request is, of course, an important discretionary factor in analyzing whether a private party should be permitted to intervene in a case. Here, not only is Pines's motion untimely, but the claim he asserts against Avis did not even arise until five years after the end of the class period; those circumstances make it highly unlikely that he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Both because the facts of Pines's claim are quite different from the claims in this case, and because his claim arose well outside of the class period, the outcome of this case is unlikely to affect his interests. In addition, the nature of his claim against Wells Fargo is dissimilar from and unrelated to the claims of the plaintiffs in this case, and the resolution of this case should not dispose of or even affect Pines's claims.

Finally, assuming *arguendo* that Pines has any interest in this case, there is no demonstration that plaintiffs would not adequately represent those interests. Where the interests of the proposed intervenors are already represented in the action, courts typically deny such applications as a discretionary matter. *Hoots,* 672 F.2d at 1136; *see also Acra Turf Club, LLC v. Zanzuccki,* 561 F. App'x 219, 222 (3d Cir. 2014); *Kaighn v. Democratic Nat'l Comm.*, No. CV 16-8107, 2016 WL 6542830, at *2 (D.N.J. Nov. 3, 2016). In addition, Pines's intervention would certainly inject unrelated issues and delay resolution of this case, which has already been through more than five years of litigation, and thus prejudice plaintiffs and defendants under Fed. R. Civ. P. 24(b)(3).

Accordingly, I **DENY** Pines's motion for permissive intervention under Rule 24(b).

### b. Request to coordinate cases

In addition, Pines argues that three active cases, two in this District and one in California state court, are related to this case and must be "coordinated."[5] (DE 168 at 5.) The California case involves allegations that Avis did not properly protect customers' data. (DE 151 at 2.) Pines says nothing about the content of the other two cases, except that they also involve allegations that Avis overcharged customers in some manner. (DE 168 at 2.)

"If actions before the court involve a common question of law or fact," Federal Rule of Civil Procedure 42(a) allows the court to "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; (3) issue any other orders to avoid unnecessary cost or delay." Decisions about whether to coordinate or consolidate cases are always within the sound discretion of the district court and "[t]he mere existence of common issues… does not require consolidation." *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). Here, I find that the three cases cited by Pines do not sufficiently share common questions of law or fact with this case to justify consolidation or coordination. *Valli*, for example, involves Avis charging customers for traffic infractions while *Mendez* involves toll charges. *Kramer*, which is pending in California state court, is not a suitable candidate for coordination.

I therefore deny Pines's request to consolidate or otherwise coordinate these actions.

---

[5]   Those cases are *Valli v. Avis Budget Rental Car Group, LLC et al.*, 2:14-cv-06072-CCC-JBC (D.N.J); *Mendez v. Avis Budget Group, Inc. et al.*, 2:11-cv-06537-CCC-JSA (D.N.J.); and *Kramer et al. v Avis Budget Group Inc*, No. 37-2018-00067024-CU-BT-CTL (Superior Court, County of San Diego, California).

## IV. CONCLUSION

For the reasons set forth above, I will **DENY** Pines's motion (DE 145) to intervene, pursuant to Fed. R. Civ. P. 24(b) and will also **DENY** his request for coordination with other cases (DE 168). An appropriate order follows.

Dated: June 15, 2022

/s/ Kevin McNulty
**Kevin McNulty**
**United States District Judge**